UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **NewRez LLC d/b/a Shellpoint Mortgage Servicing** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE : 76 Lincoln Avenue, Gardiner, ME 04345 |
| **Jamie Alexandra Moody** | Mortgage:<br>February 28, 2022<br>Book 14369, Page 51<br>Kennebec Registry of Deeds |
| **Defendant**<br>**Secretary of Housing and Urban Development** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jamie Alexandra Moody, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by NewRez LLC d/b/a Shellpoint Mortgage Servicing, in which the Defendant, Jamie Alexandra

Moody, is the obligor and the total amount owed under the terms of the Note as of February 10, 2025, is One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware Limited Liability Corporation with its principal/main place of business located at 55 Beattie Place, Suite 10, Mail Stop 005, Greenville, SC 29601.

5. NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware Limited Liability Company with the single member being Shellpoint Partners LLC, a Delaware Limited Liability company whose principal/main place of business 799 Broadway, Floor 8 Suite 825, New York, NY 10003.

6. Shellpoint Partners LLC is a Delaware Limited Liability Company with the two members being NRM Acquisition LLC and NRM Acquisition II LLC, a Delaware Limited Liability company whose principal/main place of business is 799 Broadway, Floor 8 Suite 825, New York, NY 10003. Both NRM Acquisition LLC and NRM Acquisition II LLC have the same single member of New Residential Mortgage LLC, a Delaware Limited Liability company whose principal place of business is 799 Broadway, Floor 8 Suite 825, New York, NY 10003.

7. New Residential Mortgage LLC has a single member of Rithm Capital Corp. a Delaware Corporation whose principal/main address is 799 Broadway, Floor 8, New York, NY 10003. Accordingly, the Plaintiff is a citizen of both Delaware and New York

8. The Defendant, Jamie Alexandra Moody, is a resident of Gardiner, County of Kennebec and State of Maine.

9. The Party-in-Interest, Secretary of Housing and Urban Development, is Federal Governmental entity and is located at 451 7th Street SW. Washington, DC. 20410.

## FACTS

10. On February 28, 2022, by virtue of a Warranty Deed from Josephine Moody, which is recorded in the Kennebec Registry of Deeds in **Book 14369, Page 49**, the property situated at 76 Lincoln Avenue, City/Town of Gardiner, County of Kennebec, and State of Maine, was conveyed to Jamie Alexandra Moody, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On February 28, 2022, Defendant, Jamie Alexandra Moody, executed and delivered to Caliber Home Loans, Inc. a certain Note under seal in the amount of $187,728.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on February 28, 2022, Defendant, Jamie Alexandra Moody, executed a Mortgage Deed in favor of Caliber Home Loans, Inc., securing the property located at 76 Lincoln Avenue, Gardiner, ME 04345, which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 14369**, **Page 51**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to NewRez, LLC dba Shellpoint Mortgage Servicing by virtue of an Assignment of Mortgage dated April 22, 2024, and recorded in the Kennebec

Registry of Deeds in **Book 15030**, **Page 134**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On October 16, 2024, the Defendant, Jamie Alexandra Moody, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Jamie Alexandra Moody, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

16. The Defendant, Jamie Alexandra Moody, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Secretary of Housing and Urban Development is a Party-in-Interest pursuant to a Mortgage in the amount of $9,070.64 dated July 8, 2024, and recorded in the Kennebec Registry of Deeds in **Book 15126**, **Page 7** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of February 10, 2025, is One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $179,118.35 |
| Interest | $3,524.06 |
| Legal Fees | $259.12 |
| Funds Owed by Borrower | $1,556.67 |
| Funds Owed to Borrower | $-0.32 |
| Grand Total | $184,457.88 |

22. Upon information and belief, the Defendant, Jamie Alexandra Moody, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 76 Lincoln Avenue, Gardiner, County of Kennebec, and State of Maine. *See* Exhibit A.

25. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Jamie Alexandra Moody, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2024, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of February 10, 2025, is One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars.

29. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, Jamie Alexandra Moody's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Jamie Alexandra Moody, on October 16, 2024, evidenced by the Certificate of Mailing. *See* Exhibit E.

32. The Defendant, Jamie Alexandra Moody, is not in the Military as evidenced by the attached Exhibit F.

33. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On February 28, 2022, the Defendant, Jamie Alexandra Moody, executed under seal and delivered to Caliber Home Loans, Inc. a certain Note in the amount of $187,728.00. *See* Exhibit B.

36. The Defendant, Jamie Alexandra Moody, is in default for failure to properly tender the September 1, 2024, payment and all subsequent payments. *See* Exhibit E.

37. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jamie Alexandra Moody.

38. The Defendant, Jamie Alexandra Moody, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

39. The Defendant, Jamie Alexandra Moody's, breach is knowing, willful, and continuing.

40. The Defendant, Jamie Alexandra Moody's, breach has caused Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of February 10, 2025, if no payments are made, is One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars.

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

43. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Jamie Alexandra Moody, entered into a written contract with Caliber Home Loans, Inc. who agreed to loan the amount of $187,728.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, Jamie Alexandra Moody, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note and successor-in-interest to Caliber Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendant, Jamie Alexandra Moody, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2024, payment and all subsequent payments. *See* Exhibit E.

49. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jamie Alexandra Moody.

50. The Defendant, Jamie Alexandra Moody, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, Jamie Alexandra Moody, is indebted to NewRez LLC d/b/a Shellpoint Mortgage Servicing in the sum of One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars, for money lent by the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to the Defendant.

52. Defendant, Jamie Alexandra Moody's, breach is knowing, willful, and continuing.

53. Defendant, Jamie Alexandra Moody's, breach has caused Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of February 10, 2025, if no payments are made, is One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars.

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

56. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

57. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Caliber Home Loans, Inc., predecessor-in-interest to NewRez LLC d/b/a Shellpoint Mortgage Servicing, loaned the Defendant, Jamie Alexandra Moody, $187,728.00. *See* Exhibit B.

59. The Defendant, Jamie Alexandra Moody, has failed to repay the loan obligation.

60. As a result, the Defendant, Jamie Alexandra Moody, has been unjustly enriched to the detriment of the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing as successor-in-interest to Caliber Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to relief.

62. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount owed and priority of any Parties-In-Interest that appear in this action.

c) Grant possession to the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, upon the expiration of the period of redemption;

d) Find that the Defendant, Jamie Alexandra Moody, is in breach of the Note by failing to make payment due as of September 1, 2024, and all subsequent payments;

e) Find that the Defendant, Jamie Alexandra Moody, is in breach of the Mortgage by failing to make payment due as of September 1, 2024, and all subsequent payments;

f) Find that the Defendant, Jamie Alexandra Moody, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Jamie Alexandra Moody, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2024, and all subsequent payments;

h) Find that the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Jamie Alexandra Moody has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to restitution;

k) Find that the Defendant, Jamie Alexandra Moody, is liable to the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, for money had and received;

l) Find that the Defendant, Jamie Alexandra Moody, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Jamie Alexandra Moody, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to restitution for this benefit from the Defendant, Jamie Alexandra Moody;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Jamie Alexandra Moody, and in favor of the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, in the amount of One Hundred Eighty-Four Thousand Four Hundred Fifty-Seven and 88/100 ($184,457.88) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

                                                  Respectfully Submitted,
NewRez LLC d/b/a Shellpoint Mortgage Servicing,
By its attorneys,

Dated: February 19, 2025

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com