U.S. DEPT. OF HOUSING & URBAN DEVELOPMENT
CERTIFICATE OF INDEBTEDNESS
(PARTIAL CLAIM)

Date: 06/06/2025

Memorandum to: AUSA
Debtor's Name: JAMIE ALEXANDRA MOODY
FHA Case No.: 231-1695380                              Amount of Loan: $9,070.64

This indebtedness arose in connection with a loan made on the debtor's behalf by the Secretary of Housing and Urban Development pursuant to the Federal Housing Administration's loss mitigation procedures for mortgage insurance (12 U.S.C 1701, et seq., National Housing Act as amended by Section 407 of the Balanced Budget Downpayment Act 1 of 1996). Specifically, such loan was provided under 12 U.S.C 1715(u)(a) which allows payment by the Secretary to the lender of a "Partial Claim" to cure a default by the debtors in payments due under a prior (or primary) mortgage insured by F.H.A..24 C.F.R. 203.371 and other relevant regulation specify the procedures for payment of such a partial claim and provide for repayment by the debtors of any amounts loaned on their behalf as a partial claim. This repayment obligation is represented by a promissory note and is secured by a subordinate mortgage or deed of trust. (See also Mortgagee Letter 96-61 issued November 12, 1996, and forms for the note and security instrument promulgated via Mortgagee Letter 97-17 issued May 1, 1997.)

I certify that there is $9,070.64 due on this account; bearing no interest, and payable according to its terms upon the first occurrence of (1) payment in full or other cancellation or satisfaction of the primary mortgage; (2) the security property ceases to be the debtor's primary residence; (3) cancellation of the mortgage insurance by F.H.A. on the primary mortgage; or (4) acceleration of the primary mortgage. The above recited amount is currently due and no payments or other credits have been accepted or otherwise accrued that have not been posted to this account.

                                                                    COBY JENKINS
ISN Corporation as Attorney-in-Fact for the Secretary of the U.S. Department of Housing
                                                            and Urban Development

STATE OF OKLAHOMA     )
                      ) SS.
COUNTY OF OKLAHOMA    )

Acknowledged before me this Friday, June 06, 2025, Coby Jenkins, ISN Corporation, the Attorney-in-Fact for the Secretary of the U.S. Department of Housing and Urban Development under authority and by virtue of a limited power of attorney.

My Commission Expires: 10/18/25

Notary Public

REBA D. GILLESPIE
NOTARY
# 21013635
EXP. 10/18/25
STATE OF OKLAHOMA
PUBLIC

ISN Corporation – Western Operations Center
2000 N Classen Blvd, Suite 3200
Oklahoma City, OK 73106
Toll Free: 1-800-CALLFHA
www.isncorp.com

Recieved by ISN 08202024

———————————————————[*Space Above This Line For Recording Data*]———————————————————

Investor Loan No: 232011783
FHA Case #: 2311695380

240371499 - SP - RON

LOAN NO.: 9762124080

# MAINE MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **July 8, 2024**. The Mortgagor is **JAMIE ALEXANDRA MOODY**
Whose address is **76 LINCOLN AVE, GARDINER, ME 04345**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development and its successors and assigns, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Nine Thousand Seventy and 64/100ths** Dollars (U.S. **$9,070.64**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **March 1, 2052**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **KENNEBEC** County, MAINE:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **76 LINCOLN AVE, GARDINER, ME 04345**, ("Property Address");

---

**Maine Mortgage-Single Family**

Page 1 of 9

14631ME 09/20

*9762124080*

Recieved by ISN 08202024

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be

**Maine Mortgage-Single Family**

14631ME 09/20


*976212408 0*

Recieved by ISN 08202024

given by first class mail to:Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**8. Lender's Rights If Borrower Fails to Keep Promises and Agreements. After the occurrence of the conditions stated in subsections (a), (b) and (c) below, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. If all of the conditions stated in subsections (a), (b) and (c) of this Section 8 are met, Lender may do this without making any further demand for payment. This requirement is called "immediate payment in full."**

If Lender requires immediate payment in full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another Person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law. These costs include reasonable attorneys' fees and costs of title evidence.

Lender may require immediate payment in full under this Section 7 only if all of the following conditions are met:

**(a) I fail to keep any promise or agreement made in this Security Instrument, including the promises to pay when due the Sums Secured;**

**Maine Mortgage-Single Family**

Page 3 of 9

14631ME 09/20



Recieved by ISN 08202024

(b) Lender sends to me, at least 35 days before demanding immediate payment in full or otherwise enforcing this Security Instrument, a notice that states:
    (1) The promise or agreement that I failed to keep;
    (2) The action that I must take to correct that default;
    (3) My right to cure the default by full payment of all amounts that are due under the Note and under this Security Instrument, including reasonable interest and late charges specified in the Note or this Security Instrument, as well as reasonable attorney fees;
    (4) An itemization of all past due amounts causing the loan to be in default;
    (5) An itemization of any other charges that must be paid in order to cure the default;
    (6) That if I do not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another Person may acquire the Property by means of foreclosure and sale;
    (7) That I have the right in any lawsuit for foreclosure and sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and
    (8) Such other matter as is required by Maine law; and
(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

**9. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under the Note or this Security Instrument, Lender will discharge this Security Instrument by delivering to the appropriate Registry of Deeds a discharge or release stating that this Security Instrument has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records (unless those costs were collected in advance of my loan closing).

**10. Payment During Foreclosure.** I agree that Lender may accept rents from the Property, hazard insurance proceeds, condemnation awards, and any other monies produced by the Property or paid by me, even though Lender has demanded immediate payment in full and begun foreclosure and sale under Section 8 above. Lender may use such monies to pay off any part of the Sums Secured without affecting Lender's right to continue foreclosure and sale.

**11. Riders to this Security Instrument.** The promises and agreements of each Rider are incorporated as a part of this Security Instrument.



Recieved by ISN 08202024

— NOTICE TO CONSUMER —

1. **Do not sign this Agreement before you read it.**
2. **You are entitled to a copy of this Agreement.**

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in this Security Instrument and in the Rider signed by me and recorded with it.



_____  Date:  07/31/2024
Borrower     - JAMIE ALEXANDRA MOODY

## ACKNOWLEDGMENT

State of __Nevada__     §
                        §
County of __Clark__     §

This instrument was acknowledged before me on __07/31/2024__ by JAMIE ALEXANDRA MOODY.

| Malcolm N Childs  NOTARY PUBLIC  STATE OF NEVADA  Appt. No. 20-1985-01  Expires December 16, 2024 |


Signature of Person Taking Acknowledgment

Malcolm N Childs
Printed Name

Notary Public, State of Nevada
Title or Rank

Serial Number, if any: 20-1985-01

(Seal)

My Commission Expires: 12/16/2024

Notarized remotely using audio-video communication technology via Proof.

**Maine Mortgage-Single Family**

Page 5 of 9

14631ME 09/20

*9 7 6 2 1 2 4 0 8 0*

Recieved by ISN 08202024

After Recording Return To:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
320 COMMERCE, SUITE 100
IRVINE, CA 92602
800-777-8759

Loan Originator Organization: NewRez LLC d/b/a Shellpoint Mortgage Servicing, NMLSR ID: 3114
Individual Loan Originator's Name NMLSR ID: N/A

Recieved by ISN 08202024

Recieved by ISN 08202024

# EXHIBIT A

**BORROWER(S): JAMIE ALEXANDRA MOODY**

**LOAN NUMBER: 9762124080**

**LEGAL DESCRIPTION:**

**STATE OF MAINE, COUNTY OF KENNEBEC, AND DESCRIBED AS FOLLOWS:**

Maine Mortgage-Single Family

Page 8 of 9

14631ME 09/20

*9762124080*

Recieved by ISN 08202024

PROPERTY ADDRESS: 76 LINCOLN AVENUE, GARDINER, ME 04345  A CERTAIN LOT OR PARCEL OF LAND WITH BUILDINGS THEREONE SITUATED ON THE EASTERLY SIDE OF LINCOLN AVENUE, SO-CALLED, IN GARDNER, COUNTY OF KENNEBEC AND STATE OF MAINE, BOUNDED AND DESCRIBED AS FOLLOWS:  COMMENCING ON THE EASTERLY SIDE OF SAID LINCOLN AVENUE AT THE NORTHWEST CORNER OF LAND FORMERLY OWNED BY G. DEXTER LIBBY, LATER OWNED BY ROBERT H. DUNN ET AL; THENCE EASTERLY ALONG THE NORTHERLY BOUNDARY OF THE SAID DUNN LAND TO THE WESTERLY LINE OF LAND NOW OR FORMERLY OWNED BY ANNIE DEMERS A DISTANCE OF ONE HUNDRED THIRTY-TWO (132) FEET, MORE OR LESS; THENCE NORTHERLY A DISTANCE OF FORTY (40) FEET, MORE OR LESS, ALONG THE WESTERLY LINE OF LAND NOW OR FORMERLY OWNED BY ANNIE DEMERS TO LAND NOW OR FORMERLY OF KENNETH A. NOTT AND EVELYN K NOTT; THENCE WESTERLY ALONG THE SOUTHERLY BOUNDARY OF LAND OF SAID KENNETH A. NOTT AND EVELYN K. NOTT A DISTANCE OF ONE HUNDRED THIRTY-TWO (132) FEET, MORE OR LESS, TO THE EASTERLY SIDE OF SAID LINCOLN AVENUE; THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF LINCOLN AVENUE A DISTANCE OF FORTY (40) FEET, MORE OR LESS, TO THE POINT OF BEGINNING.  AND ALSO ANOTHER CERTAIN LOT OR PARCEL OF LAND SITUATED IN GARDINER, COUNTY OF KENNEBEC AND STATE OF MAINE, BOUNDED AND DESCRIBED AS FOLLOWS, TO -WIT:  BEGINNING AT A POINT ON THE EASTERLY SIDE OF LINCOLN AVENUE AT THE SOUTHWEST CORNER OF PREMISES CONVEYED TO THIS GRANTEE BY WARRANTY DEED RECORDED IN THE KENNEBEC COUNTY REGISTRY OF DEEDS IN BOOK 2815, PAGE 80; THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF LINCOLN AVENUE 5' TO A POINT; THENCE EASTERLY 132' TO A POINT WHICH IS 5' SOUTHERLY ALONG AN EXTENSION OF THE EASTERLY LINE OF PROPERTY DESCRIBED IN SAID BOOK 2815, PAGE 80; THENCE NORTHERLY 5' ALONG SAID EXTENSION TO THE SOUTHEAST CORNER OF PREMISES DESCRIBED IN SAID BOOK 2815, PAGE 80; THENCE WESTERLY APPROXIMATELY 132' ALONG GRANTEE'S SOUTHERLY LINE AS DESCRIBED IN SAID BOOK 2815, PAGE 80 TO THE POINT OF BEGINNING.  EXCEPTING AND RESERVING OUTSALE RECORDED IN BOOK 2836, PAGE 83.

Parcel ID Number: 031159A
ALSO KNOWN AS: 76 LINCOLN AVE, GARDINER, ME 04345



Recieved by ISN 08202024

BK15126   PGS 7 - 15   08/09/2024 09:18:28 AM
INSTR#: 2024016098   ATTEST: MATTHEW BOUCHER
RECEIVED KENNEBEC SS   REGISTER OF DEEDS
eRecorded Document

―――――――――――――――――[Space Above This Line For Recording Data]―――――――――――――――

Investor Loan No: 232011783   240371499- SP - RON   LOAN NO.: 9762124080
FHA Case #: 2311695380

# MAINE MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **July 8, 2024**. The Mortgagor is **JAMIE ALEXANDRA MOODY**
Whose address is **76 LINCOLN AVE, GARDINER, ME 04345**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development and its successors and assigns, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Nine Thousand Seventy and 64/100ths** Dollars (U.S. **$9,070.64**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **March 1, 2052**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **KENNEBEC** County, MAINE:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **76 LINCOLN AVE, GARDINER, ME 04345**, ("Property Address");

**Maine Mortgage-Single Family**

Page 1 of 9                                                                                                     14631ME 09/20


*9762124080*

Recieved by ISN 08072024

Loan No.: 9762124080

Investor Loan No: 232011783
FHA Case No: 2311695380

# MAINE PARTIAL CLAIM NOTE
## (Secondary Lien)

| | | |
|---|---|---|
| **July 8, 2024**<br>[Date] | **GARDINER**<br>[City]<br>**76 LINCOLN AVE, GARDINER, ME 04345**<br>[Property Address] | **MAINE**<br>[State] |

### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Nine Thousand Seventy and 64/100ths** Dollars (U.S. $9,070.64), to the order of the Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

(A) Time

  On, **March 1, 2052** or, if earlier, when the first of the following events occurs:

  (i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Lender, or

  (ii)  The maturity date of the primary Note has been accelerated, or

  (iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Lender.

---

Maine Partial Claim Note—Single Family—Secondary Lien      Page 1 of 3      17096ME 09/21



*9762124080*

Recieved by ISN 08072024

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.



Recieved by ISN 08072024

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

**NOTICE TO CONSUMER:**
1. **Do not sign this Agreement before you read it.**
2. **You are entitled to a copy of this Agreement.**

*Jamie Alexandra Moody* _____     Date: 07/31/2024
Borrower      - JAMIE ALEXANDRA MOODY

Loan Originator Organization: NewRez LLC d/b/a Shellpoint Mortgage Servicing, NMLSR ID: 3114
Individual Loan Originator's Name NMLSR ID: N/A